(No. 5712

HAZEL THODE, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed July 27, 1972.*

DRACH, TERRELL AND DEFFENBAUGH, Attorney for Claimant.

WILLIAM J. SCOTT, Attorney General; WILLIAM E. WEBBER, Assistant Attorney General, for Respondent.

Holderman, J.

Claimant is a 74 year old lady who was injured on October 7, 1969, while visiting the Lincoln Home in Springfield.

She alleges that on October 7, 1969, and while visiting the Lincoln Home and after going through the house, she was directed to the outbuildings in the backyard. In order to get to the backyard, it was necessary to travel upon a boardwalk and while upon this boardwalk, she slipped and fell fracturing her hip.

At the time of the accident, claimant stated that she was wearing an old pair of shoes with inch high heels composed of very hard rubber.

Her statements are conflicting as to the condition of the boardwalk. In one instance, she stated that the boardwalk was wet and in another that it must have been like ice.

In any event, she sustained severe injuries, was treated originally at St. John's Hospital in Springfield and then was flown to Denver, Colorado, which was her home, in a private plane. She underwent surgery at the Denver hospital and there a new ball socket was placed in her hip.

She had a part-time business of raising money for various organizations. In 1967, she earned $1,044.65, in 1968, she made $1,082.62 and in 1969, she earned $758.25. She claims that the accident affected her ability to put on sales and that before the accident, she accepted three assignments per week but since the accident, she has been able to accept only one assignment.

She incurred very substantial medical and hospital bills as the result of said injury.

The report of the Department of Conservation, who made an investigation after the accident, was that it had rained the night of October 6th and on October 7th, the time

of the accident, the walk itself was still wet. The evidence was that there was not any loose boards or protruding nails and the walk was comparatively new. There were no signs of any kind or character relative to this walk and there is a complete absence of any negligence on the part of the respondent, with the only evidence being that there was a wet sidewalk.

Before claimant can recover damages from the State, it must be proved that she was in the exercise of due care and caution for her own safety, that the State was negligent, and such negligence was the proximate cause of the accident. *McNary* vs. *State of Illinois, 22 C.C.R., 328-334; Bloom* vs. *State of Illinois, 22 C.C.R., 582-585; Week* vs. *State of Illinois, 4719.*

In this case, it does not appear that there was any negligence on the part of the State and certainly the mere fact that a sidewalk was wet from rain does not prove any negligence. As a matter of fact, the only negligence claimed by claimant is that the tourer of the premises was upon a wooden walkway which was open and unprotected from the weather and was without railings and protective devices.

We do not believe that, in itself, constitutes such an act of negligence on the part of the State as to allow recovery by the claimant.

This Court has repeatedly held that in State Parks, etc., such as the Lincoln Home, a member of the general public who is present is an invitee and the State has the duty to exercise ordinary care to protect such invitee from harm. *Vol. 25 C.C.R. 353.* It is also the law of the State of Illinois that the State is not an insuror of the safety of those who make use of park facilities but it must use reasonable care in the maintenance of its park facilities and supervise the use thereof by the public. *Vol. 21 C.C.R. 467.*

This claim is therefore denied.